# In the United States Court of Federal Claims

No. 20-1185 C
Filed: May 7, 2024

|   |   |
|---|---|
| AVANT ASSESSMENT, LLC, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

*Dirk D. Haire* and *Kristen W. Broz*, Fox Rothschild LLP, Washington, D.C., for Plaintiff.

*Daniel B. Volk*, Senior Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Martin F. Hockey, Jr.*, Deputy Director, for the Defendant.

## OPINION AND ORDER

**MEYERS, Judge.**

This is the second motion to dismiss to come to the Court in this case. Previously, the Government moved to dismiss the complaint because of claim preclusion based on Avant's prior litigation before the Armed Services Board of Contract Appeals ("ASBCA"). *See* ECF No. 9. This Court "denie[d] the motion to dismiss insofar as it [sought] dismissal of Counts IV-VI (Avant's UCC claims) and grant[ed] it as to the rest of the Complaint." *Avant Assessment, LLC v. United States*, 159 Fed. Cl. 632, 641 (2022). With regard to the UCC Claims, the Court concluded that "Avant's UCC claims are based on different operative facts that became known during the ASBCA litigation. Avant could not have included its unknowable UCC claims in its initial termination for convenience settlement proposals that were before the ASBCA." *Id.* at 641.

Upon reviewing the Court's prior order, the Government filed this motion to dismiss Avant's UCC claims for lack of subject-matter jurisdiction. *See* ECF No. 20. Specifically, the Government argues that Avant's "assertions . . . regarding alleged Government use of the rejected test items have never been presented to the contracting officer, as required by the Contract Disputes Act of 1978 (CDA)[.]" *Id.* at 1. In other words, the Government argues that if the UCC Claims' operative facts are sufficiently different from what was before the ASBCA to

avoid claim preclusion, then those facts must have been presented to the contracting officer under the CDA but were not.

## I.     Standard of Review.

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff bears the burden of establishing subject-matter jurisdiction and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If the Court determines that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); RCFC 12(h)(3). "The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

## II.    Discussion

Neither party disputes that the contracts at issue are subject to the CDA. *See, e.g.*, ECF No. 20 at 1; ECF No. 21 at 6. Accordingly, Avant needed to follow the procedures set out by the CDA to properly set forth its claims. First, Avant had to submit its claims to the contracting officer for a decision. 41 U.S.C. § 7103(a)(1) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."). Next, the contracting officer must issue a decision on the claims. *Id.* § 7103(d). The contracting officer's decision then becomes final "unless an appeal or action is timely commenced[.]" *Id.* § 7103(g). That appeal may be brought to an agency board within 90 days, *id.* § 7104(a), or an action may be brought to this Court within 12 months, *id.* § 7104(b)(1), (3). If brought in this Court, the contracting officer's decision on the contractor's claims is reviewed de novo. *Id.* § 7104(b)(4). As outlined further below, Avant did not properly follow that process with respect to its UCC claims.

### A.    Plaintiff's claims were not properly presented to the contracting officer for a decision.

To address the Government's current motion to dismiss, the Court must recall how this case got to this point. Avant alleges that during its prior ASBCA litigation, it learned that the Government "had actually done something with the items they controlled." ECF No. 21 at 3 (citing ECF No. 19 at 7). Specifically, "the Government transferred the [rejected] items to a third party for presumably, you know, manipulation and use." *Id.* Therefore, this Court denied the Government's motion to dismiss on res judicata grounds because Counts IV-VI of Avant's complaint were based on different material facts that were unknown (and unknowable) to Avant when it filed its prior ASBCA litigation. *Avant Assessment, LLC*, 159 Fed. Cl. at 639. For the purposes of this motion, the Government does not dispute that holding. Instead, the Government's motion argues that if the facts are distinct enough to avoid res judicata, they are also distinct enough from what was submitted to the contracting officer to deprive this Court of subject-matter jurisdiction under the CDA.

The Federal Circuit has long held that "[a]n action brought before the Court of Federal Claims under the [CDA] must be based on the same claim previously presented to and denied by the contracting officer." *Raytheon Co. v. United States*, 747 F.3d 1341, 1354 (Fed. Cir. 2014) (quoting *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003)). To satisfy the CDA's presentment requirement, "[a] claim need not be submitted in any particular form or use any particular wording, but it must provide a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 776 (Fed. Cir. 2021) (quoting *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015)). The Court "treat[s] requests as involving separate claims if they *either* request different remedies . . . *or* assert grounds that are materially different from each other factually or legally." *K-Con*, 778 F.3d at 1005 (emphasis in original).

In its motion to dismiss for lack of jurisdiction, the Government argues Avant's UCC claims do not satisfy the CDA's presentment requirement because, in contrast to its pending UCC claims, Avant's June 2019 certified claim letters omit the material factual allegations of the Government's alleged use and transfer of the test items to a third party. ECF No. 20 at 7-9. "The UCC claims presented in Avant's June 2019 certified claim letters are based on the Government having maintained 'exclusive ownership and control for the last six years' and 'say nothing about Avant's counsel's new allegations of duplicitous Government use of rejected test items.'" *Id.* at 7-8. Indeed, Avant asserted in the prior motion to dismiss stage that it was unaware of the factual allegations that led to this new claim when it filed the ASBCA litigation. *See, e.g.*, ECF No. 18 at 36; ECF No. 21 at 5. The Government argues if there could be no claim without this information, then "Avant needed to apprise the contracting officer of this information to satisfy the [CDA's] jurisdictional requirement." ECF No. 20 at 8. Therefore, "in avoiding the bar of claim preclusion, Avant has nonetheless argued itself out of Court on jurisdictional grounds." *Id.*

According to Avant, its pending UCC claims were included in the plain language of the 2019 certified claim letters, which contained language such as "the Government enjoyed exclusive ownership and use rights to Avant's detriment[,] . . . [the Government] operated with the motive that it would enjoy ownership rights to [the test items] [,] . . . [the Government] enjoyed these ownership rights[,] . . . and the Government retained every deliverable Avant submitted for its own use and enjoyment without fair compensation to Avant." ECF No. 21 at 4 (citing ECF No. 1-12 at 4-5). Additionally, according to Avant, "the certified claims alleged 'constructive acceptance[,] . . . cited to specific provisions of the UCC which apply[,] . . . [and] relied on case law finding constructive acceptance through 'retention and continuous use' of the purportedly rejected items." *Id.* at 4 (citations omitted). Avant therefore argues that it satisfied the CDA's similarity requirement and provided adequate notice of its UCC claims based on the Government's post-rejection use of the test items. *Id.*

But the constructive acceptance argument presented to the contracting officer was based solely on the retention of the rejected materials. In fact, the 2019 CDA claim asserts that "because the Government retained the test items created by Avant and prevented Avant from recovering them, Avant is entitled to payment for those items." ECF No. 1-12 at 2; *see also id.* at 4 ("Avant is entitled to payment for the 'rejected' items at the Contract Line item rate because [the Government] constructively accepted the items through its exclusive ownership and control for the last six years."). While it is true that Avant made passing references to the Government's

3

retention of "use rights," that does not present the same claim as the UCC claims that survived claim preclusion. Specifically, the governing contracts included provisions that provided that "[t]he Government will retain sole ownership and exclusive rights to all deliverables . . . ." ECF No. 1-6 at 16. The 2019 CDA claim asserts that the Government relied on this provision and "enjoyed exclusive ownership and use rights [to rejected items] to Avant's detriment." ECF No. 1-12 at 5. But there is no assertion of actual use. Simply stating that the Government retained these ownership and use rights, without more, does not get around the Court's claim preclusion opinion. *Avant Assessment, LLC,* 159 Fed. Cl. at 639-41. In other words, the assertion that the Government retained ownership and use rights does not put the contracting officer on notice of any allegation that the Government constructively accepted the "rejected" deliverables by making actual use of them. At oral argument on the prior motion, Avant's counsel conceded that to prevail on a constructive acceptance theory under the UCC, Avant needed to show that the Government "did something with its ownership, not simply that it possessed it[.]" ECF No. 18 at 35-36.

Similarly, the 2019 CDA claim asserts that "the Government retained every deliverable Avant submitted for its own use and enjoyment without fair compensation to Avant." *Id*. Although closer to the UCC claims before the Court, this assertion also fails the Court's claim preclusion opinion. As the next sentence of the claim states, "DLI similarly accepted the 'rejected' items *it retained them for over five years* after attempting to terminate Avant's contract for cause." ECF No. 1-12 at 5 (emphasis added). Because this alleged constructive acceptance is based on the retention of deliverables after the attempted contract termination, which took place in 2013, ECF No. 1 ¶ 5, and carried on for years, it does not survive the Court's claim preclusion decision as this conduct was known at the time Avant filed the ASBCA claim. It is also not the factual basis of the UCC claims, which are based on post-rejection use by the Government when it transferred rejected items to a third-party for use.

It is only the use discovered during the ASBCA litigation that survived the Court's claim preclusion decision. The factual premise for those claims, however, has never been presented to the contracting officer. Thus, Avant has failed to satisfy the CDA's presentment requirement.

**B.     The CDA presentment clause is jurisdictional based on binding precedent.**

While this case has been pending, the Federal Circuit has taken a fresh look at a number of its prior jurisdictional holdings and determined that those cases are now properly considered under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *E.g.*, *CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151 (Fed. Cir. 2023); *M.R. Pittman Grp., LLC v. United States*, 68 F.4th 1275, 1280 (Fed. Cir. 2023); *Brown v. United States*, 22 F.4th 1008, 1012 (Fed. Cir. 2022); *Walby v. United States*, 957 F.3d 1295, 1301 (Fed. Cir. 2020). Aware that these cases could also call into question the jurisdictional nature of some of the Circuit's jurisdictional cases relating to the CDA, the Court asked the parties for supplemental briefing on that issue. *See* ECF Nos. 26, 27 & 28. The answer—as of this Order, at least—is that the CDA's claim presentment provision is jurisdictional.

Pursuant to the CDA, "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The Federal Circuit has confirmed numerous times that this provision is

jurisdictional. *Tolliver Grp., Inc.*, 20 F.4th at 775-76 ("Thus, obtaining a final decision on a claim is a jurisdictional prerequisite to adjudication of that claim in the Claims Court.") (citing 41 U.S.C. §§ 7104(b)(1), 7103(g)); *Raytheon Co.*, 747 F.3d at 1354 ("It is a bedrock principle of government contract law that contract claims, whether asserted by the contractor or the Government, must be the subject of a contracting officer's final decision."); *K-Con*, 778 F.3d at 1005.

In its supplemental briefing, Avant asks the Court to look to recent cases that establish that "various procedural requirements necessary to maintain claims against the government are non-jurisdictional requirements to be raised as affirmative defenses at trial, and not as jurisdictional motions to dismiss." ECF No. 27 at 2. Avant primarily relies on *Wilkins v. United States*, 598 U.S. 152 (2023), to sustain that argument. In *Wilkins*, the Supreme Court interpreted the 12-year time limit of the Quiet Title Act as a "nonjurisdictional claims-processing rule." *Id.* at 155. The Court reasoned that a rule should only be treated as jurisdictional if "Congress clearly states that it is." *Id.* (citing *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203, 142 (2022)).

Avant also relies on the arguments in *ECC International Constructors, LLC v. Secretary of Army*, 79 F.4th 1364 (Fed. Cir. 2023), although the Federal Circuit had not issued its decision at the time of Avant's supplemental briefing. The Federal Circuit has now issued its decision, and its conclusion does not alter the analysis. In *ECC*, the Circuit held that the sum-certain requirement for a CDA claim is not jurisdictional. But the Circuit was clear that the sum-certain requirement is not in the CDA's text, but rather it is found only in regulations. *Id.* at 1375. Alternatively, as the court pointed out, the requirement that a claim be presented to the contracting officer is based in the text. Even more, though, the claim that must be presented to the contracting officer is linked directly to the "jurisdictional hook" in § 7104 of the CDA. *Id.* In other words, *ECC* does not alter the binding precedent that holds a CDA claim is jurisdictional. Indeed, other members of this Court have also held that the claim-presentment rule was not altered post-*ECC*. *See, e.g.*, *Irwin Cnty. v. United States*, 170 Fed. Cl. 355, 360 (2024); *Sikorsky Aircraft Corp. v. United States*, 170 Fed. Cl. 257, 262 (2024); *J. Star Enters., Inc. v. United States*, 167 Fed. Cl. 434, 438 (2023).

Avant also cites to Federal Circuit cases holding that other CDA provisions are not jurisdictional in nature. *See, e.g.*, *CACI, Inc.-Fed.*, 67 F.4th at 1151; *M.R. Pittman Grp., LLC*, 68 F.4th at 1280. But no case has found that the failure to present a claim to the contracting officer is not a jurisdictional requirement. Thus, this Court is still bound by the Federal Circuit's caselaw that presentment is a jurisdictional requirement. *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) (holding that a lower court should follow binding precedent, even if that precedent is in tension with "some other line of decisions"); *Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims."). Until the Federal Circuit overrules or abrogates the current binding precedent, this Court must follow it.

### C. Even if the CDA presentment requirement is not jurisdictional, Plaintiff's claims are subject to dismissal under RCFC 12(b)(6).

Even if *ECC* and other cases did change the status of the presentment requirement, Avant's case would still be ripe for dismissal under RCFC 12(b)(6).  Indeed, as *ECC* instructs, if the rule is not jurisdictional, it would be a mandatory requirement that is essential to the claim.  *ECC*, 79 F.4th at 1380 ("A claim that does not state a sum certain has not sufficiently pleaded the elements of a claim under the CDA and may be denied by the contracting officer and dismissed on appeal to the boards or Court of Federal Claims for failure to state a claim."); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014).  In other words, whether decided under Rule 12(b)(1) or 12(b)(6), the outcome of this motion would be the same.

### III.  CONCLUSION

For the foregoing reasons, pursuant to RCFC 12(b)(1) and RCFC 12(h)(3), the Court grants the Government's motion to dismiss counts IV through VI of Avant's complaint for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
